UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GEORGE COOPER,

                  Petitioner,

            -against-

WARDEN LEPE,

                  Respondent.
------------------------------------------------------------x

06 Civ. 6958 (RMB) (FM)

**DECISION AND ORDER**

**I.    Background**

On or about August 29, 2006, George Cooper ("Cooper" or "Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging his April 2, 2003 conviction, following a jury trial in New York State Supreme Court, New York County, of one count of Criminal Sale of Marijuana in the First Degree, in violation of New York Penal Law §221.55. On March 15, 2005, the Appellate Division, First Department unanimously affirmed Petitioner's conviction. See People v. Cooper, 16 A.D.3d 198, 791 N.Y.S.2d 55 (1st Dep't 2005). The New York Court of Appeals denied leave to appeal on May 31, 2005. See People v. Cooper, 4 N.Y.3d 885, 798 N.Y.S.2d 730, 831 N.E.2d 975 (2005).

The Petition raises two claims: (1) that Cooper was "denied [his] federal right to due process" when the trial court allowed an undercover police officer to testify about a "conversation" with Petitioner on February 19, 2002; and (2) that the trial court erred in not declaring a mistrial when the police officer stated on cross-examination that a February 19, 2002 meeting related to a drug sale. (Pet. at 3.)



On July 9, 2007, United States Magistrate Judge Frank Maas, to whom the matter had been referred, issued a thorough and thoughtful Report and Recommendation ("Report") recommending that the Court deny the Petition because: (1) the officer's testimony about his February 19, 2002 meeting and conversation with Petitioner "did not constitute . . . evidence of a prior similar criminal act" and was offered "to show that he knew the person he saw . . . in the course of his August 27 marijuana purchase and had not made a mistaken identification" (Report at 13); and (2) Petitioner's counsel forfeited his mistrial claim (see Report at 14 ("Cooper's counsel never requested that [the trial judge] follow through on his threat to declare a mistrial if a police witness mentioned the earlier marijuana transactions")).

The Report instructed the parties that "if they have objections to this Report and Recommendation, they must, within ten (10) days from today, make them in writing [and] file them with the Clerk of the Court." (Report at 20.) As of the date of this Order, neither party has submitted objections.

**For the reasons stated below, the Report is adopted in its entirety and the Petition is dismissed.**

II.    **Standard of Review**

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous. See Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985); Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Where, as here, the petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377,

2

378 (2d Cir. 1999), and "leniency is generally accorded," Bey v. Human Res. Admin., No. 97 Civ. 6616, 1999 WL 31122, at *2 (E.D.N.Y. Jan. 12, 1999).

### III. Analysis

The Court has conducted a review of the Report, record and applicable legal authorities and finds that Judge Maas's determinations and recommendations are neither clearly erroneous nor contrary to law and, in fact, are supported by the law and the record in all respects. See Pizarro, 776 F. Supp. at 817.

Judge Maas properly concluded that the trial judge correctly allowed the police officer to testify about his February 19, 2002 conversation with Petitioner because, as Petitioner acknowledged in his brief to the Appellate Division, that conversation was relevant to the issue of whether the officer could accurately identify the Petitioner. (See Report at 12; Petitioner's Brief to the Appellate Division, dated June, 2004 at 14-15 ("The central issue in this case was . . . whether [Petitioner] was the man who aided . . . in the sale.").) See also United States v. Lumpkin, 192 F.3d 280, 287-88 (2d Cir. 1999) (officer's testimony that he saw the defendant in "the vicinity of the drug sales several times in the few months prior to the transaction . . . was particularly relevant in a case where the defendant claimed he was misidentified").

Judge Maas also properly denied, as unpreserved, Petitioner's claim that the trial judge erred by not declaring a mistrial when the police officer testified, on cross-examination, that his February 19, 2002 conversation with Petitioner related to a drug transaction. (See Report at 13 ("This claim cannot be considered by the Court because the state court denied it on procedural grounds").) Petitioner has not made the requisite showing of "cause and prejudice" to overcome the procedural default in state court.

Phillips v. Smith, 717 F.2d 44, 48 (2d Cir. 1983) ("[E]xplicit state court reliance on a procedural default bars federal habeas review of the forfeited claim absent a showing of cause and prejudice.")

### IV.    Certificate of Appealability

Because Petitioner has not made a "substantial showing of the denial of a constitutional right," the Court will not grant a certificate of appealability. 28 U.S.C. § 2253(c)(2); see Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). Any appeal from this Order will not be taken in good faith. 28 U.S.C. § 1915(a)(3); see Thrower v. Laird, No. 06 Civ. 4864, 2007 WL 294096, at *1 (S.D.N.Y. Jan. 30, 2007).

### V.    Conclusion and Order

For the foregoing reasons, the Court adopts the Report in its entirety. The Petition is dismissed and the Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
       September 28, 2007

_RMB_
RICHARD M. BERMAN, U.S.D.J.

4